# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| DMT MACTRUONG a/k/a<br>MAC DR. TRUONG,<br>  *Plaintiff*<br><br>v.<br><br>GREG ABBOTT, DAN PATRICK,<br>DADE PHELAN, DONALD J.<br>TRUMP, CLARENCE THOMAS,<br>BRETT M. KAVANAUGH, NEIL M.<br>GORSUCH, AMY CONEY<br>BARRETT, and SAMUEL ALITO,<br>  *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:22-CV-00476-LY |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Dmt MacTruong's Complaint (Dkt. 1) and Application to Proceed *In Forma Pauperis* (Dkt. 2), both filed May 9, 2022. The District Court referred this case to the undersigned Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 3.[1]

### I.   *In Forma Pauperis* Status

After reviewing Plaintiff's Financial Affidavit, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to

---

[1] Plaintiff also has filed a Motion for Summary Judgment, which is not referred. Dkt. 5.

be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the Court has conducted a § 1915(e) review of the claims in the Complaint and recommends that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on Defendants at that time.

## II.    Section 1915(e)(2) Frivolousness Review

### A.  Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d

1003, 1005 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). "Some claims are so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy. Federal courts lack power to entertain these wholly insubstantial and frivolous claims." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (cleaned up).

### B.  Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)

Plaintiff[2] brings this lawsuit against Texas Governor Greg Abbott, Texas Lieutenant Governor Dan Patrick, Speaker of the Texas House of Representatives Dade Phelan, former President Donald Trump, and Supreme Court Justices Clarence Thomas, Brett Kavanaugh, Neil Gorsuch, Amy Coney Barrett, and Samuel Alito (collectively, "Defendants"). Although many of Plaintiff's allegations are incomprehensible, he alleges that he is an inventor of "Tele-Sex or Tele-Mining on Jupiter and other planets of the Solar System" and appears to assert a claim for copyright infringement and constitutional violations. Specifically, Plaintiff alleges that Defendants: (1) "plagiariz[ed] [his] copyrighted invention of the CCO-Network," which is a legislative proposal involving the recruitment of "private citizens to help democratically-elected government officials to enforce the law"; (2) conspired to violate women's constitutional rights before *Roe v. Wade*, 410 U.S. 113 (1973), was overruled by *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022); and (3) conspired to "commit offenses against the vast majority of people of the

---

[2] In his Complaint, Plaintiff purports to bring this lawsuit on behalf of Planned Parenthood Federation of America, Inc. and numerous politicians, celebrities, and businesspeople. Plaintiff does not have authority to sue on behalf of the others listed in the caption of his complaint. Only Plaintiff signed the complaint, and there is no indication that the other named plaintiffs intend to be part of this action. Therefore, the Court considers the allegations only with respect to Plaintiff.

United State of America." Dkt. 1 ¶¶ 31, 51, 53, 55. Plaintiff also seeks a declaration that the Texas Heartbeat Act, Senate Bill 8, 87th Leg., Reg. Sess. (Tex. 2021), is unconstitutional; an order directing each Defendant to pay Planned Parenthood $36 billion; and $300 million in damages for Defendants' use of Plaintiff's "copyrighted intellectual products with neither permission nor fair compensation," as well as $100 million in damages for "mental distress and extreme concern." *Id.* at 15-16.

### 1. Texas Senate Bill 8

The Court lacks jurisdiction over Plaintiff's claim that Texas Senate Bill 8 is unconstitutional. Although *Ex parte Young*, 209 U.S. 123 (1908), authorizes federal courts to sue certain state officials for declaratory and injunctive relief, Plaintiff does not allege that the named Defendants possess any enforcement authority for Senate Bill 8; therefore, the *Ex parte Young* exception does not apply. *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 534 (2021) (holding that the Attorney General did not satisfy *Ex parte Young* exception because he did not possess "any enforcement authority" for Texas Senate Bill 8). Furthermore, Plaintiff has not shown that he has standing to bring this claim as a man who resides in New Jersey. The complaint asserts that women's constitutional rights have been violated, but does not allege that Plaintiff has suffered an injury. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 563 (1992) (stating that standing "requires that the party seeking review be himself among the injured").

### 2. Supreme Court Justices

All of Plaintiff's claims against the Supreme Court Justices are barred by sovereign immunity because judges enjoy absolute judicial immunity from liability and suits for damages arising out of the performance of their judicial duties. *Price v. United States*, 823 F. App'x 275, 276 (5th Cir. 2020) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)); *see also Ammons v. Baldwin*, 705 F.2d

1445, 1447 (5th Cir. 1983) ("A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in a judicial role."). "This protection is not limited to immunity from damages, but extends to actions for declaratory, injunctive, and other equitable relief." *Evans v. Suter*, No. H-07-1557, 2007 WL 1888308, at *3 (S.D. Tex. June 29, 2007), *aff'd*, 260 F. App'x 726 (5th Cir. 2007). Absolute judicial immunity is not overcome by allegations of bad faith or malice. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (stating that "immunity applies even when the judge is accused of acting maliciously and corruptly").

The conduct alleged in the Complaint clearly falls within the judicial capacity and therefore cannot serve as the basis for Plaintiff's claims against the Supreme Court Justices. *See Price*, 823 F. App'x at 276 (affirming dismissal of claims against federal judge based on absolute immunity); *Bagby v. Staples*, CV No. 5:13–cv–1092–DAE, 2014 WL 7005587, at *6 (W.D. Tex. Dec. 10, 2014) (dismissing claims against United States District Judge as frivolous based on absolute immunity). Accordingly, Plaintiff's claims against the Supreme Court Justices should be dismissed as frivolous.

### 3.  Former President Trump

Plaintiff's claims for damages against former President Trump for actions taken in his official capacity as President of the United States also are barred by absolute immunity. Plaintiff's claims are based on the nominations of Justices Gorsuch, Kavanaugh, and Barrett to the Supreme Court, official acts performed as President of the United States. Dkt. 1 ¶¶ 44. Because the claims are "predicated on his official acts," Trump is absolutely immune from suit for damages. *Nixon v. Fitzgerald*, 102 S. Ct. 2690, 2701 (1982); *see also Scott v. Trump*, No. 3:20-CV-03110-L (BT), 2020 WL 7700618, at *1 (N.D. Tex. Nov. 19, 2020), *R. & R. adopted*, No. 3:20-CV-3110-L, 2020 WL 7698135 (N.D. Tex. Dec. 28, 2020).

### 4. **Texas State Officials**

As to the state officials, the principle of sovereign immunity established by the Eleventh Amendment bars Plaintiff's claims for damages against Governor Abbott, Lieutenant Governor Patrick, and Representative Phelan. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim on the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994). Therefore, in the absence of abrogation by Congress, waiver by the state, or application of an exception, state officials enjoy sovereign immunity. *Texas Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1124 (2021). Since none of those exceptions are present here, the claims for damages against the Texas state officials must be dismissed. *Id.*; *see also Prescott v. Abbott*, No. A-18-CA-CV-957-RP, 2018 WL 6303762, at *2 (W.D. Tex. Nov. 30, 2018), *aff'd*, 801 Fed. App'x 335 (5th Cir. 2020) (dismissing claims for damages against Defendants Abbott and Patrick as barred by sovereign immunity). Representative Phelan's actions relating to Senate Bill 8 also are protected by absolute immunity, which attaches to all acts taken "in the sphere of legitimate legislative activity." *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951); *see also Rhodes v. Coleman*, No. A-07-CA-430-LY, 2007 WL 2815642, at *3 (W.D. Tex. Sept. 25, 2007) (holding that claim for declaratory and injunctive relief against Texas state senator was barred by legislative immunity).

### 5. **Copyright Claims**

Finally, Plaintiff's copyright claims are "so insubstantial, implausible, or otherwise completely devoid of merit" that the Court lacks federal jurisdiction to entertain them. *Atakapa Indian de Creole Nation*, 943 F.3d at 1006. For example, Plaintiff appears to allege that Defendants had

access to his copyrighted material because he created a movie starring Brittney Spears, Clint Eastwood, and Ronald Reagan, which Defendants then plagiarized in Senate Bill 8. Dkt. 1 ¶¶ 30, 33. The Court lacks jurisdiction over this claim due to the fantastical nature of Plaintiff's allegations.

### 6.  Conclusion

For these reasons, the Court lacks jurisdiction over Plaintiff's claims against Defendants. Accordingly, Plaintiff's lawsuit should be dismissed as frivolous under § 1915(e)(2).

## III.    Order and Recommendation

Based on the foregoing, the undersigned Magistrate Judge **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2) and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

## IV.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 31, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE