# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| DMT MACTRUONG a/k/a<br>MAC DR. TRUONG,<br>*Plaintiff*<br><br>v.<br><br>GREG ABBOTT, DAN PATRICK,<br>DADE PHELAN, DONALD J.<br>TRUMP, CLARENCE THOMAS,<br>BRETT M. KAVANAUGH, NEIL M.<br>GORSUCH, AMY CONEY<br>BARRETT, and SAMUEL ALITO,<br>*Defendants* | § § § § § § § § § § § § § | Case No. 1:22-CV-00476-LY |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE LEE YEAKEL**
   **UNITED STATES DISTRICT JUDGE**

Now before the Court is Plaintiff-Appellant *Pro Se* MacTruong's Application to Proceed with Appeal *In Forma Pauperis*, filed November 10, 2022 (Dkt. 15). The District Court referred the Application to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 19.

## I.   Background

Plaintiff filed this lawsuit on May 9, 2022, against Texas Governor Greg Abbott, Texas Lieutenant Governor Dan Patrick, Speaker of the Texas House of Representatives Dade Phelan, former President Donald Trump, and Supreme Court Justices Clarence Thomas, Brett Kavanaugh, Neil Gorsuch, Amy Coney Barrett, and Samuel Alito (collectively, "Defendants"). In his Complaint, Plaintiff alleges that he is an inventor of "Tele-Sex or Tele-Mining on Jupiter and other

1

planets of the Solar System," and appears to assert a claim for copyright infringement and constitutional violations. Specifically, Plaintiff alleges that Defendants: (1) "plagiariz[ed] [his] copyrighted invention of the CCO-Network," which is a legislative proposal involving the recruitment of "private citizens to help democratically-elected government officials to enforce the law"; (2) conspired to violate women's constitutional rights before *Roe v. Wade*, 410 U.S. 113 (1973), was overruled by *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022); and (3) conspired to "commit offenses against the vast majority of people of the United State of America." Dkt. 1 ¶¶ 31, 51, 53, 55.

On August 31, 2022, the undersigned Magistrate Judge issued an Order granting Plaintiff *in forma pauperis* status and a Report and Recommendation that the District Court dismiss Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2). Dkt. 6. On October 18, 2022, the District Court overruled Plaintiff's objections, approved and accepted the Report and Recommendation, and dismissed Plaintiff's lawsuit. Dkt. 12. Plaintiff filed a Notice of Appeal to the Fifth Circuit Court of Appeals on November 10, 2022. Dkt. 14. Plaintiff now moves to proceed *in forma pauperis* on appeal.

## II.   Analysis

Leave to proceed *in forma pauperis* on appeal is governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3). Pursuant to Rule 24(a)(1), a party to a district court action who desires to proceed *in forma pauperis* on appeal must file a motion in the district court. The movant is required to attach to the motion an affidavit that shows in detail the movant's inability to pay the appeal costs and fees; claims an entitlement to redress; and states the issues the movant intends to present on appeal. *Id.* Pursuant to Rule 24(a)(3), because Plaintiff was permitted

to proceed *in forma pauperis* before the District Court, he may proceed *in forma pauperis* on appeal without further authorization, unless:

> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding. . . .

FED. R. APP. P. 24(a)(3)(A). An appeal is taken in good faith if a litigant seeks appellate review of any issue that is not frivolous. *Howard v. King*, 107 F.2d 215, 220 (5th Cir. 1983). Accordingly, in addition to demonstrating that his financial condition qualifies him to proceed under the statute, Plaintiff also must demonstrate that his appeal involves nonfrivolous issues. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

The Court finds that Plaintiff is financially qualified for *in forma pauperis* status. But based on a review of his opening brief (Dkt. 18), the Court finds that Plaintiff has presented no nonfrivolous grounds for appeal.

In his brief, Plaintiff makes fantastical allegations, stating, for example, that "Defendants are dangerous liars, criminals, traitors and co-conspirators." Dkt. 18 at 31. He further states that Supreme Court Justices Alito, Thomas, Gorsuch, Kavanaugh, and Barrett "deserve the death penalty or at least to be disbenched from the U.S. Supreme Court." Dkt. 18 at 40.

Moreover, Plaintiff's legal claims are frivolous. First, a district court must dismiss an action if it finds that it lacks subject matter jurisdiction. *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). Plaintiff's contention that Defendants must assert immunity as an affirmative defense is meritless. *See Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011) (holding that federal courts have no subject matter jurisdiction over claims against officers of the United States in their official capacities); *see also Price v. United States*, 823 F. App'x 275, 276 (5th Cir. 2020) (affirming dismissal of claims as frivolous because defendants had judicial immunity). Plaintiff's argument

that his claims are not barred because Defendants are United States citizens does not address the doctrine of sovereign immunity. Similarly, Plaintiff's contention that he has standing to sue because he is a United States citizen ignores the standing requirements of Article III of the United States Constitution. His second and third issues challenge findings that the District Court did not make and therefore are not proper grounds for appeal.

### III.   Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court certify that Plaintiff's appeal is not taken in good faith pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) and **DENY** Plaintiff-Appellant *Pro Se* MacTruong's Application to Proceed with Appeal *In Forma Pauperis* (Dkt. 15).

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

### IV.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The Clerk is directed to mail Plaintiff a copy of this Report and Recommendation by certified mail, return receipt requested.

**SIGNED** on November 17, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE